CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 10 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

JEB STUART AUCTION SERVICES, LLC )
)
Plaintiff, )
)
v. ) Case No. 4:14CV00047
)
WEST AMERICAN INSURANCE COMPANY )
)
Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Jeb Stuart Auction Services, LLC ("Plaintiff", "the LLC"), by counsel, and files this Complaint against the Defendant, West American Insurance Company ("West American") and in support thereof states as follows:

1. This is an action, in part, for declaratory judgment in which Plaintiff seeks a determination of its rights and obligations under an insurance policy, number BKW (15) 55 93 24 99 ("the Policy"). A true and correct copy of the Policy is attached to this Complaint as Exhibit A.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 as complete diversity exists between Plaintiff and the defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiff is a Virginia limited liability company with a principal place of business in Stuart, Virginia.

4. West American is not a Virginia corporation and its principal place of business is not in Virginia. On information and belief, West American is an Indiana corporation with its principal place of business in Indianapolis.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

6. Robin Hiatt ("Mr. Hiatt") is the managing member of the LLC and resides in Stuart, Virginia.

7. Burch-Hodges-Stone, Inc. is a company in the general insurance business and, at all times relevant hereto, was authorized by West American to solicit and bind coverage for West American.

8. In January, 2014, Mr. Hiatt met with Dianne Joyce ("Ms. Joyce"), an agent at Burch-Hodges-Stone, Inc., to discuss obtaining insurance for the LLC.

9. On or around January 13, 2014, Mr. Hiatt met with Ms. Joyce to complete a Commercial Insurance Application ("the Application") for the LLC. The Application is attached hereto as Exhibit B.

10. According to the Application, the applicant and named insured under the insurance policy would be Jeb Stuart Auction Services LLC.

11. Ms. Joyce, on behalf of Burch-Hodges-Stone, Inc., assisted Mr. Hiatt in completing the Application for the LLC. Question number eight under the "General Information" section of the Application asks:

> During the last five years . . . has any applicant been indicted for or convicted of any degree of the crime of fraud, bribery, arson or any other arson-related crime in connection with this or any other property?

12. Because question eight sought information relating only to the applicant, Mr. Hiatt truthfully answered it in the negative. On the Application, Ms. Joyce typed "N" for "no" as the response to the question.

13. During the January 13 meeting with Ms. Joyce, Mr. Hiatt was not asked about his own personal criminal history.

14. On January 22, 2014, Mr. Hiatt met with Ms. Joyce to sign the Application and, in doing so, represented that he was "an authorized representative of the applicant" and that the answers to the questions on the Application were "true, correct and complete" to the best of his knowledge.

15. Soon after the January 22, 2014 meeting, Mr. Hiatt returned to Burch-Hodges-Stone, Inc. and advised Ms. Joyce that, in the past five years, he personally had been convicted of the type of crime contemplated under question eight of the Application. He also provided her with proof in the form of a court record.

16. During that meeting, Ms. Joyce represented to Mr. Hiatt that question eight was of no importance to this particular Application because the Application was for insurance for the LLC and not for Mr. Hiatt individually.

17. Mr. Hiatt relied upon Ms. Joyce's representation and did not withdraw or amend the LLC's Application.

18. Following receipt of the Application from Burch-Hodges-Stone, Inc., West American entered into a contract of insurance with the LLC by which West American agreed to insure, cover and provide insurance against damages and/or losses sustained by the LLC other than those excluded or limited under the Policy. *See* Exhibit A.

19. The named insured under the Policy is Jeb Stuart Auction Services LLC. The properties covered under the Policy are located at 213 Aaron Street and 219-221 Aaron Street, Martinsville, Virginia (the "insured locations"). *Id.*

20. On and before March 3, 2014, Plaintiff was the sole owner of the insured locations.

21. Located upon the insured locations was a large structure which formerly housed a furniture manufacturing facility but which had been converted, prior to Plaintiff's acquisition, to warehousing and storage usage.

22. On and before March 3, 2014, Plaintiff had begun utilizing the insured locations and the structure thereon for their intended purpose and was in the process of making improvements at the insured locations for such purpose.

23. In connection with Plaintiff's use of the insured locations, Plaintiff had personal property and equipment, also owned by Plaintiff and covered under the Policy, on the premises.

24. Burch-Hodges-Stone, Inc. was very familiar with the insured locations, having previously placed insurance on the premises for the prior owner.

25. A fire occurred on or about March 3, 2014 at the insured locations causing damages and losses covered under the Policy.

26. Such damages and losses were not excluded or limited under the Policy.

27. Plaintiff made a claim with West American for the damages and losses. In correspondence dated August 6, 2014 West American denied the claim on the ground that Mr. Hiatt knowingly submitted false information on the Application by signing it with the answer to question eight listed as "N" for "no." West American's letter is attached hereto as Exhibit C.

28. According to the denial letter, West American would not have issued the Policy to Jeb Stuart Auction Services LLC had it known about Mr. Hiatt's criminal history. *See* Exhibit C.

29. In addition to denying coverage for the fire-related loss, West American made the decision to void the Policy *ab initio*. *Id.*

30. Further, in denying coverage for the fire-related loss, West American refused to adjust the claim in good faith.

## COUNT I

### Breach of Contract of Insurance

31. Paragraphs 1-30 are incorporated by reference as if fully set forth herein.

32. West American has an obligation to pay all amounts due under the Policy.

33. West American breached its obligation by denying coverage and failing to make full payment under the Policy.

34. The LLC substantially complied with all conditions precedent to West American's obligation to pay under the Policy.

35. The LLC suffered contractual damages up to the full amount of insurance coverage available under the Policy in addition to any and all other amounts due to it under the Policy.

36. The LLC suffered incidental and consequential damages in an amount to be proven at the trial of this matter.

## COUNT II

### Declaratory Judgment

37. Paragraphs 1- 36 are incorporated by reference as if fully set forth herein.

38. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy.

39. West American has taken the position that no coverage exists for this loss based upon its position that Mr. Hiatt knowingly submitted false information on the Application for the LLC. *See* Exhibit C.

40. Upon information and belief, Exhibit C was created after the fire occurred.

41. The LLC complied with all contractual terms under the Policy and submitted no false information on its Application.

42. An actual controversy and dispute exists between the parties hereto regarding West American's obligation to provide insurance coverage for the LLC for the damages and losses arising out of the March 3, 2014 fire.

43. The LLC is entitled to a declaration as to West American's obligation to provide insurance coverage to the LLC for damages and losses arising from the March 3, 2014 fire.

## COUNT III

### Attorney's Fees

44. Paragraphs 1- 43 are incorporated by reference as if fully set forth herein.

45. West American's conduct described herein and to be proven at the trial of this matter establishes that it acted in bad faith by denying coverage, failing to adjust the loss in good faith, voiding the Policy *ab initio*, and refusing to make payment under the Policy.

46. Accordingly, in addition to a judgment for the amount of the loss, the LLC is entitled to payment of its costs and attorneys' fees.

WHEREFORE, Plaintiff Jeb Stuart Auction Services, LLC demands judgment against West American as follows:

1. For such amounts as are due Plaintiff for all damages caused by West American's failure to pay pursuant to the Policy in an amount up to the limits of coverage provided pursuant to the Policy plus interest at the legal rate from the date of loss, its costs and such other and further relief as the Court deems necessary and just;

2. For a declaration regarding Plaintiff's rights and West American's obligations with regard to the Policy;

3. For an award of attorney's fees and costs incurred in this action; and

4. For such other and further relief as the Court deems necessary and just.

**Plaintiff demands a trial by jury on all issues.**

JEB STUART AUCTION SERVICES, LLC

By: _____
Of Counsel

Oct 10, 2014

Guy M. Harbert, III (VSB No. 22933)
Catherine J. Huff (VSB No. 78610)
GENTRY LOCKE RAKES & MOORE LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
Fax: (540) 983-9400
Harbert@gentrylocke.com
Huff@gentrylocke.com

Philip G. Gardner (VSB No.      )
GARDNER, BARROW, SHARPE &
PEARSON, P.C.
Fidelity Bank Building, 4th Floor
231 E. Church Street
Martinsville, Virginia 24114
(276) 638-23455
Fax: (276) 638-2458
phil@ggbslawfirm.com

Counsel for Plaintiff